# Third District Court of Appeal
## State of Florida

Opinion filed November 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0454
Lower Tribunal No. F15-10110
_____

**Emil Lugo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

EMAS, J.

Following a jury trial, Lugo was convicted of and sentenced for organized fraud. His conviction and sentence were affirmed on direct appeal. See Lugo v. State, 261 So. 3d 549 (Fla. 3d DCA 2019). Thereafter, Lugo filed a motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, raising four claims of ineffective assistance of trial counsel.[1]

Following an evidentiary hearing, the trial court denied Lugo's motion. Lugo appeals from that order and, upon our review of the record, including the transcript of the evidentiary hearing, we find no error and affirm. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (a claim of ineffective assistance of trial counsel "has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

---

[1] Lugo alleged his trial counsel provided constitutionally ineffective assistance by failing to: (1) call an expert witness to testify at trial; (2) call additional witnesses, including Lugo's wife, to testify at trial; (3) call Lugo himself as a witness (alleging his attorney told Lugo there was no need for him to testify because the case could be won based on the State's lack of evidence); (4) properly prepare for closing argument and for giving an unfocused and rambling closing that was cut off by the court when it exceeded the time limit.

This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."); Ridel v. State, 990 So. 2d 581, 583-84 (Fla. 3d DCA 2008) ("In order to meet the deficient performance component of Strickland, [the defendant] 'must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"; further noting that "'a decision not to raise certain possible defenses or call certain defense witnesses is ordinarily a matter of personal judgment and strategy within the prerogatives of defense counsel.'") (quotations omitted). See also Parker v. State, 611 So. 2d 1224, 1226 (Fla. 1992) ("We have repeatedly said that a motion under rule 3.850 cannot be used for a second appeal to consider issues that either were raised in the initial appeal or could have been raised in that appeal."); Strickland, 466 U.S. at 690-91("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable

3

investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."); Brown v. State, 846 So. 2d 1114 (Fla. 2003) (holding appellate court will not second-guess strategic decisions on collateral attack).

Affirmed.